

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2007

# Nicholas v. Evans

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4362

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Nicholas v. Evans" (2007). *2007 Decisions.* Paper 1415.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1415

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-74                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4362
_____

EDWARD J. NICHOLAS,
Appellant

v.

SCOTT EVANS; LOWELL WITMER
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 06-cv-00112)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 9, 2007
BEFORE:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
(Filed:  March 28, 2007)
_____

OPINION
_____

PER CURIAM.

        Edward J. Nicholas, a state prisoner proceeding pro se, appeals an order of

the United States District Court for the Western District of Pennsylvania dismissing his

civil rights complaint.  We will dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

        On May 15, 1998, following a jury trial, Nicholas was convicted of

aggravated assault and acquitted of one count of robbery and two counts of criminal

conspiracy. He was sentenced to six and one-half years to twenty years in prison. In May 2006, Nicholas filed this civil rights action under 42 U.S.C. § 1983 against a judge and the Court Clerk of Dauphin County. His complaint alleged that the jury found him not guilty of the aggravated assault charge and, thus, that he is being held in violation of due process. He requested that the court confirm his innocence and award him millions of dollars in damages.

The Magistrate Judge recommended dismissal of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as barred by, among other theories, the favorable termination rule announced in Heck v. Humphrey, 512 U.S. 477 (1994). The District Court affirmed and adopted the Magistrate Judge's report and recommendation. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Nicholas has been granted leave to proceed in forma pauperis on appeal. Because his appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(I).[1] See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

According to the rule announced by the Supreme Court in Heck, when a plaintiff brings a civil rights suit that would necessarily imply the invalidity of his conviction or sentence, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at

---

[1] Although the District Court dismissed the complaint without giving Nicholas an opportunity to amend as required by Grayson v. Mayhew State Hosp., 293 F.3d 103 (3d Cir. 2003), we find no error because any amendment would have been futile. See id. at 108.

487.  The gravamen of Nicholas' complaint is that his conviction and sentence for aggravated assault is invalid because it conflicts with the jury's putative verdict of not guilty.  However, Nicholas' conviction has not been invalidated.  See Nicholas v. Pennsylvania, No. 06-3641(3d Cir. order entered January 31, 2007) (denying a certificate of appealability for habeas petition).  Thus, the District Court was correct to dismiss the suit.

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).  Nicholas's pending motion is denied.

3